## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| MOHAMMED A. SALL<br>3609 Mahnaz Court<br>Upper Marlboro, Maryland 20174<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH V. BUONASSISSI, II, RICHARD E. HENNING, JR., RICHARD A. LASH, KEITH M. YACKO, BRIAN S. MCNAIR, JAMES J. INABINETT, JR., DAVID A. ROSEN; collectively the SUBSTITUTE TRUSTEES.<br>1861 Wiehle Avenue, Suite 300<br>Reston, Virginia 20190<br><br>WELLS FARGO & COMPANY<br>WELLS FARGO BANK, N.A.<br>WELLS FARGO HOME MORTGAGE<br>Corporate Offices<br>Wells Fargo<br>420 Montgomery Street<br>San Francisco, CA 94104<br><br>Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA 50306-0335<br><br>FREMONT INVESTMENT & LOAN<br>2727 East Imperial Highway<br>Brea, CA 92821<br><br>ASC (America's Servicing Company)<br>P.O. Box 10833<br>Des Moines, IA 50306<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY<br>300 S. Grand Avenue - 41st Floor,<br>Los Angeles, California 90071<br><br>Defendants. | COMPLAINT AND REQUEST FOR JURY TRIAL FOR DECLARATORY RELIEF, DAMAGES AND OTHER EQUITABLE RELIEF ARISING FROM:<br><br>1. Declaratory Relief, Injunctive Relief (including TRO and Preliminary Injunction)<br>2. Violation of the Truth in Lending Act (TILA);<br>3. Violation of Real Estate Settlement Procedures Act (RESPA)<br>4. Fraud, Fraudulent Concealment and Negligent Misrepresentation;<br>5. Breach of Fiduciary Duties;<br>6. Constructive Fraud;<br>7. Fraudulent and Deceptive Business Practices;<br>8. Violation of the Equal Credit Opportunity Act (ECOA);<br>9. Violation of the Consumer Credit Protection Act;<br>10. Violation of the Federal Trade Commission Act; and<br>11. Slander of Title.<br><br>Case No.  CAE10-14689<br><br>FILED<br><br>MAY 6 2010<br><br>CLERK OF THE CIRCUIT COURT<br>FOR PRINCE GEORGES COUNTY, MD. |

## COMPLAINT

Comes now the Plaintiff, Mohammed A. Sall, by and through his undersigned counsel, and sues Defendants JOSEPH V. BUONASSISSI, II, RICHARD E. HENNING, JR., RICHARD A. LASH, KEITH M. YACKO, BRIAN S. MCNAIR, JAMES J. INABINETT, JR., DAVID A. ROSEN (hereinafter collectively and each one referred to as the "*SUBSTITUTE TRUSTEE*"); Defendant WELLS FARGO, Defendant FREMONT INVESTMENT & LOAN (hereinafter "*Fremont*"), Defendant ASC, and Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter "*Deutsche*"), and for causes of action state as follows:

## PRELIMINARY STATEMENT

The Plaintiff in this case went to the Defendant Fremont, or its representatives and agents, for a loan for the purchase of the property located in Prince Georges County at 3609 Manhaz Court, Upper Marlboro, MD 20774 ("the Property"). This case involves a Plaintiff who hereby alleges that he is the victim of the predatory and so-called "subprime" lending practices of FREMONT and its successor-in-interest, ASC.

The Plaintiff did not receive copies of the required documents at the time of application or closing as required under federal and state law; Defendant failed to provide Plaintiff with the criteria used to qualify Plaintiff for the loan; Defendant failed to disclose all the terms of the loan to Plaintiff; Defendant intentionally misrepresented Plaintiffs' payment amount and that it would be locked; Defendant failed to provide Plaintiff with a copy of Plaintiff's Appraisal Report at time of consummation; and Defendant failed to provide Plaintiff with credit scoring information that was used to determine the interest rate Plaintiff qualified for.

Plaintiff further alleges that the Defendants lack standing to legally foreclose on the property or otherwise enforce any security interest in the Property.

Moreover, in the Defendant's foreclosure action, Defendants have presented the courts an elaborate assignment scheme of trustees and Substitute Trustees. <u>Order to Docket</u>, Exhibit A, attached. There, the Substitute Trustees are identified as the plaintiffs and as the attorneys bringing the action. But, they cannot be plaintiffs and attorneys because a corporation must be represented by an attorney.

Accordingly, in connection with Defendants' participation in the origination, securitization, and foreclosure of Plaintiff's residential mortgage loans, Plaintiff brings this action against Defendants for Unfair and Deceptive Trade Practices, Fraudulent Misrepresentations, Slander of Title, violation of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, Federal Deposit Insurance Corporation ("FDIC") Statements of Policy, Consumer Credit Protection Act, Federal Trade Commission Act and the Fair and Accurate Credit Transaction Act of 2003.

In addition, Plaintiff hereby seeks an order from this Court declaring that Defendants do not possess superior title to Plaintiff's real property and are not persons entitled to enforce, collect, or foreclose on the underlying negotiable instrument and/or security instrument at issue in this action.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to MD. CODE ANN., CTS. & JUD. PROC. I §§ 1-501 and 4-402 (e)(1), and 3-401 through 3-415; in that, this is a civil action within the original jurisdiction of the Court and the amount in controversy is within its jurisdictional threshold.

2. This court has personal jurisdiction over Defendants in this action pursuant to MD. CODE ANN., CTS. & JUD. PROC. II §§ 6-102 through 6-103, because Defendants engage in

regular business in the State of Maryland and/or have a resident agent within the State of Maryland.

3. Venue is proper in the Circuit Court for Prince George's County pursuant to MD. CODE ANN., CTS. & JUD. PROC. II § 6-201 (a) and (b), in that, Defendants engage in regular business in Prince George's County, the cause of action arose in Prince George's County, and the real property at issue is located in Prince George's County.

### PARTIES

4. Plaintiff Sall is a residents of Prince George's County, Maryland, residing at 3609 Mahnaz Court, Upper Marlboro, Maryland 20774 (the "**Property**").

5. Defendant Substitute Trustee is comprised of the named members of the Virginia law firm Buonassissi, Henning & Lash located at 1861 Wiehle Avenue, Suite 300, Reston, VA 20190. Of the group only Defendant Richard Lash has declared that he is admitted to practice in Maryland. It is not clear the status of the other members of this firm or the firm's alleged authority to do business in the State of Maryland. While we do not question their right to practice law, we do question their right to hold themselves out as a corporate entity or person with standing and the right to be a plaintiff in a lawsuit in Maryland.

6. Defendant ASC is a federally chartered banking institution and successor-in-interest to Fremont. Defendant ASC acquired Fremont's assets and assumed liability for Fremont's mortgage loans, including the Plaintiffs' mortgage loans.

7. Fremont is a federally chartered banking institution engaged in the business of mortgage lending and other related services. Defendant Fremont is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of Maryland is unknown. Fremont exclusively relied on mortgage

brokers to obtain mortgage loan applications from prospective borrowers, including the Plaintiffs, in the State of Maryland. Service of process can be effectuated on Fremont at 2727 East Imperial Hwy, Brea, California 92821.

8. Wells Fargo, N.A., and its subsidiaries, is a federally chartered banking institution engaged in the business of mortgage lending, banking, and other related services in the State of Maryland. Defendant Wells Fargo is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of Maryland is unknown. Service of process can be effectuated on Defendant Wells Fargo at 420 Montgomery Street, San Francisco, CA 94104 or at Wells Fargo Home Mortgage, P.O. Box 10335, Des Moines, IA 50306-0335.

9. DEUTSCHE BANK NATIONAL TRUST COMPANY, is a national banking entity subject to supervision by the California Comptroller of the Currency having a principal place of business located at Mail Stop NYC 60-3012, 300 S. Grand Avenue, 41st Floor, Los Angeles, California 90071. Defendant Deutsche is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of Maryland is unknown. Defendant Deutsche is a corporate entity functioning as an alleged trustee for another corporation (that being Fremont, domicile and authority to do business in Maryland also being unknown) which, on information and belief, issued securities that may or may not have been properly registered and in the form of either collateralized mortgage obligations (CMOs) or collateralized debt obligations (CDOs) or other form of exotic investment vehicle which may or may not be collateralized in whole or in part by the mortgage that is the subject of this action, and where the certificate holders of the subject securities may or may not have an interest, in whole or in part, in the mortgage and or the Note that form the subject of this action.

## STANDING

10. With respect to the Order to Docket, if the Substitute Trustees are claiming to be representing and standing in the shoes of Defendant Wells Fargo then the Substitute Trustees cannot also bring that action as the attorneys because a corporation cannot represent itself in a lawsuit. A corporation can only bring a suit through an attorney, not through an officer or appointed agent.

11. If the Substitute Trustees argue that they are not Wells Fargo or are not standing in the shoes of Wells Fargo the corporation, then they have no standing to bring any lawsuit to enforce the note because they are neither owners nor holders in due course of the note.

12. If Wells Fargo is claiming the right to enforce the note, then we contend that they do not have standing because there is no evidence anywhere in the Order to Docket or its exhibits showing how Wells Fargo obtained legal possession of the note under the rules required by UCC Article 3 and Maryland law.

## FACTS COMMON TO ALL COUNTS

13. In August of 2006 Plaintiff Sall approached Fremont through one of its agents about refinancing the property at the above address for $420,000.00 and completed a Uniform Residential Loan Application ("URLA"). Fremont did not provide Mr. Sall with a copy of the initial application. Mr. Sall was not given a copy of his initial documents at the time of application as required under federal law.

14. Fremont approved Mr. Sall for a 30 year mortgage with a 50 year amortization schedule with an initial monthly payment of $2,849.65 locked in for the first 24 months. Afterwards, the payment would adjust every six months based on the six month LIBOR

index + 5.410%. Fremont provided no proof of what criteria was used to qualify Mr. Sall for this loan.

15. Mr. Sall was told he was getting a 30 year fixed mortgage by Fremont. Fremont did not disclose the actual terms to Mr. Sall.

16. Fremont mislead Mr. Sall on the Truth in Lending Statement (TIL). The TIL statement states that Mr. Sall's payment would be locked in at $3,814.88 for 335 months after the first recast. This is misleading because the payment is not locked in. The payment would fluctuate every six months based on the LIBOR Index. Using LIBOR Index from the time of consummation (5.45%), the recast payment would be roughly $3,955.00 for the first six months.

17. Mr. Sall was not given a HUD statement before closing.

18. Mr. Sall did not receive CHARM book.

19. Mr. Sall was not given a copy of their Appraisal Report at time of consummation.

20. Mr. Sall was not given any Credit Scoring information that was used to determine the interest rate they qualified for.

21. Fremont's predatory lending practices were accomplished by the employment of bait-and-switch tactics and unscrupulous agents who had a duty of loyalty and fair dealing with the Plaintiffs, but who engaged in acts that intentionally concealed material facts from Plaintiffs in an effort to profit from such activities.

22. Mr. Sall further alleges that the Defendants lack standing to legally foreclose on the property or otherwise enforce any security interest in the Property. The "Substitute Trustees" filed a foreclosure action on behalf of themselves but alleging to possess the authority of Defendant Wells Fargo. <u>Order to Docket</u>, Exhibit A, attached. In this action and the proffered documents, Defendants have failed to produce any evidence of proper

transfer of the note from the original lender Fremont to the alleged current lender or servicer Well Fargo. Moreover, Defendant Wells Fargo, the defendant seeking to foreclose, has presented no proof of proper assignment of the note or appointment of trustees. The current trustee assignments appear to lack any authority or support under UCC Article 3 for the transfer of security instruments. And, the true owners of the note, the certificate holders, are nowhere represented. Thus, there appears to be no ownership interests represented by the Plaintiffs in the Order to Docket.

23. In the Defendant's foreclosure action, Defendants have presented the courts an elaborate assignment scheme of trustees and Substitute Trustees. Id. There, the Substitute Trustees are identified as the plaintiffs. They also identify the Substitute Trustees as the attorneys bringing the action. To the extent that the Substitute Trustees claim to be standing in the shoes of Defendant Wells Fargo, the corporation alleging standing to enforce the note, they cannot then represent themselves because a corporation must be represented by an attorney.

24. Accordingly, Plaintiffs bring this action against Defendants for Unfair and Deceptive Trade Practices, Fraudulent Misrepresentations, violation of the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, 5000 – Federal Deposit Insurance Corporation (FDIC) Statements of Policy, Consumer Credit Protection Act, Federal Trade Commission Act and the Fair and Accurate Credit Transaction Act of 2003 in connection with Defendant's participation in the origination, securitization, and foreclosure of Plaintiffs' residential mortgage loans. In addition, Plaintiffs hereby seek an order from this Court declaring that Defendants do not possess superior title to Plaintiff's real property and are not persons entitled to enforce, collect, or foreclose on the underlying negotiable instrument and/or security instrument at issue in this action.

## COUNT ONE

### DEFENDANT SUBSTITUTE TRUSTEE ACTING AS PLAINTIFFS IN FORECLOSURE ACTION CANNOT BRING SUIT BECAUSE A CORPORATION CANNOT REPRESENT ITSELF IN A LAWSUIT.

25. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The plaintiffs on the Order to Docket initiating the foreclosure action are the Defendant Substitute Trustees that consist of the following Defendants in this action: Joseph v. Buonassisssi, II; Richard E. Henning, Jr.; Richard A. Lash; Keith M. Yacko; Brian S. McNair; James J. Inabinett, Jr.; and David A. Rosen. They have filed a suit against Mr. Sall alleging to be representing a corporation and are simultaneously serving as counsel in the same suit.

27. A corporation cannot represent itself and thus the Substitute Trustees cannot validly bring forth the suit.

28. Wherefore, Mr. Sall Seeks a declaratory judgment holding that the Substitute Trustees cannot bring an action where they are the named plaintiffs and the attorneys.

## COUNT TWO

### ALTERNATIVELY IF DEFENDANTS BRING SUIT AS SUBSTITUTE TRUSTEES THEY LACK STANDING BECAUSE THERE IS NO EVIDENCE THAT SUCH DEFENDANTS ARE THE HOLDERS OF THE NOTE.

29. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Defendants Substitute Trustees have failed to provide evidence of chain of title and thus are unauthorized to bring forth a claim where no right to claim has been established.

31. Fremont appointed Deutsche as trustee on October 27, 2008. But at the time of said appointment, Fremont no longer had any rights under the note since they had sold their interest in the note to ASC. Therefore, Deutsche apparently acquired no right or title and at no point does it appear that Deutsche acquired the right to appoint a Substitute Trustee for the purpose of bringing forth a foreclosure action.

32. Nowhere in the Order to Docket is there any evidence that Fremont endorsed and transferred the Note to Wells Fargo N.A. <u>Order to Docket</u>, Exhibit A, attached. What has been provided are declaratory statements by persons of completely unknown origin or unknown or suspect authority claiming to represent both Fremont and Wells Fargo in the same transactions as officers of both corporations. But nowhere is presented a properly recorded deed of assignment where actual transfer and ownership of the note has been granted by Fremont to Wells Fargo. We contend that no such document exits nor can it exist because in fact the owners of the note with transfer and assignment authority are the investors who have not been identified or presented by any of the Defendants.

33. Finally, there is no consecutive chain of title to establish that the Defendants in this action have any claim of right to bring forth against the Plaintiff.

34. Therefore, Plaintiff seeks a declaratory judgment from the court requiring that Defendant prove standing or be denied the right of enforcement under the note.

## COUNT THREE

### CONSTRUCTIVE FRAUD AGAINST DEFENDANT AS SUCCESSORS-IN-INTEREST AND LIABILITY TO DEFENDANT

35. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. By virtue of Fremont's position as a mortgage lender, Fremont owed a fiduciary duty to Plaintiffs and Plaintiff reposed trust and confidence in Fremont.

37. Among the fiduciary duties that Fremont owed Sall was the duty to act in good faith and in accordance with laws governing the relationship between Plaintiff and Defendant.

38. Fremont owed a fiduciary duty to truthfully disclose certain details to Plaintiffs in connection with the purchase of the subject property, and to assure that they were not harmed financially or otherwise, according to laws governing the relationship between Plaintiff and Defendant.

39. Fremont breached the fiduciary duty owed to Mr. Sall intentionally, with malice, and/or with reckless disregard for Plaintiff's rights by unlawfully failing to disclose or concealing material information in connection with the purchase of the Property. In breach of the fiduciary duty owed to Plaintiff Defendant acted willfully and contrary to the best interests of Plaintiff.

40. As a result of Defendant's breach of fiduciary duty, Plaintiff suffered damages.

41. WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper, in an amount to be determined at trial.

## COUNT FOUR

## VIOLATION OF THE TRUTH IN LENDING ACT

42. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. In accordance with 15 U.S.C. § 1601, *et seq.* ("TILA") the closed-end real estate transactions at issue were made with a "creditor;" incurred a "finance charge;" were payable in more than four (4) installments; and were secured by Plaintiffs' principal dwelling. As such, the real estate transaction herein at issue is subject to the provisions of TILA.

44. Transactions that fall under the purview of TILA must make certain pre-disclosures which truthfully disclose and explain the following:

    a. the name of all creditors in the transaction;

    b. the amount financed and itemization of the amount financed;

    c. the finance charge;

    d. the annual percentage rate;

    e. the maximum interest rate in variable rate transactions;

    f. the truth in lending disclosure statement ("TILDS");

    g. the consumer's handbook and loan program disclosures;

    h. the payment schedule;

    i. the total number of payments and total sales price;

    j. the right of rescission;

    k. prepayment options and penalties;

    l. late payment consequences;

    m. security interest acquired and by whom;

    n. insurance and debt cancellation coverage;

    o. certain security interest charges; and

    p. required deposits.

45. Defendant failed to properly provide Plaintiff with some or all of the pre-disclosures as required by TILA.

46. TILA requires that the creditor make the disclosures above clearly and conspicuously in writing, in a form that the consumer may keep. These were never provided to Mr. Sall.

47. Plaintiff was not given a copy of his initial documents at time of application as required.

48. TILA requires that a creditor make good faith estimates of disclosures required by §226.18 before consummation.

49. TILA requires that if the annual percentage rate at the time of consummation varies from the annual percentage rate disclosed earlier by more than 1/8 of 1 percentage point the creditor shall disclose all the changed terms no later than consummation or settlement. Due to the variable nature of the loan finally sold to Mr. Sall, the annual percentage rate can vary as much as 5% or more.

## COUNT FIVE

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

50. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. As a "lender," "creditor," or "mortgage broker" of a federally related mortgage loan, Defendant is subject to the provisions of RESPA, 12 USC § 2601, *et seq.*

52. On or before the date of settlement, Plaintiffs were not provided with, and did not receive a copy of his initial documents at time of application, a HUD statement before closing or a CHARM book.

53. Under RESPA a bank must provide the borrower with a copy of the Special Information Booklet either at the time a written application is submitted or no later than three business days after the application is received.

54. Plaintiff did not receive a copy of the Special Information Booklet.

## COUNT SIX

## VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

55. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. The Equal Credit Opportunity Act (ECOA) requires that a creditor provide in writing any disclosure of information required in a form the applicant may retain. 15 U.S.C. § 1691 et seq. ("ECOA"), 42 U.S.C. § 1981.

57. Plaintiff was not given a copy of his initial documents at time of application as required under federal law.

58. The ECOA requires that a creditor provide a copy of an appraisal report used in connection with an application for credit that is to be secured by a lien on a dwelling.

59. Plaintiff was not given a copy of his Appraisal Report at the time of consummation

## COUNT SEVEN

## VIOLATION OF THE CONSUMER CREDIT PROTECTION ACT

60. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. Defendant violated the Consumer Credit Protection Act by giving the Plaintiff false or inaccurate information regarding his loan 15 U.S.C.A. § 1601 et seq. 1972.

62. On the Truth in Lending statement the Defendant was given inaccurate information which stated that the Plaintiff's payment would be locked in at $3,814.88 for 335 months after the first recast when in fact the payment was not locked in at all.

## COUNT EIGHT

## VIOLATION OF THE FEDERAL TRADE COMMISSION ACT

63. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. The Federal Trade Commission Act of 1914 prohibits unfair methods of competition in or affecting commerce, and **Unfair Or Deceptive Acts Or Practices** in or affecting commerce 15 U.S.C §§ 41-58.

65. Defendant violated the Federal Trade Commission Act of 1914 when Defendant intentionally misrepresented the amount of the Plaintiff's payment and asserted that the payment would be locked in.

## COUNT NINE

## VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTION ACT OF 2003

66. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. The Fair and Accurate Credit Transaction Act of 2003 requires that credit scoring information be provided to the consumer. Pub. L. No. 108-159, 117 Stat. 1952.

68. The credit scoring information that is to be provided to the consumer includes:

   a. The current credit score of the consumer or the most recent credit score of the consumer that was previously calculated by the credit reporting agency for a purpose related to the extension of credit;

   b. The range of possible credit scores under the model used;

   c. All of the key factors that adversely affected the credit score of the consumer in the model used, the total number of which shall not exceed four (4), unless a key factor that adversely affects the consumer's credit score consist of the number of enquiries made with respect to a consumer report. In this case, then five (5) key factors may be listed;

   d. The date on which the credit score was created; and

   e. The name of the person or entity that provided the credit score or credit file upon which the credit score was created.

69. Plaintiff was not given any Credit Scoring Information that was used to determine the interest rate he qualified for.

## COUNT TEN

## SLANDER OF TITLE

70. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 71 of this Complaint as if fully set forth herein.

71. The elements of Slander of Title, a recognized Maryland tort are:

    a. publication of

    b. a false statement

    c. derogatory to plaintiff's title

    d. with malice

    e. causing special damages

    f. as a result of diminished value in the eyes of third parties.[1]

72. The Substitute Trustees, and all those acting in concert with them or for whom they were acting as agents, officers, or under the direction of, have systematically engaged in the practice of Slander upon Mr. Sall's title. Upon information and belief, this includes Defendants Fremont, Deutsche, and Wells Fargo. Fremont claims to have appointed Deutsche, who appointed the Substitute Trustees. The Substitute Trustees claim to bring the foreclosure action for the benefit of and under the direction of Wells Fargo.

73. By filing the Order to Docket and sending countless letters and threats to Mr. Sall, the above Defendants have falsely published the statement that they legally possess the Note and that they therefore can claim superior title through the right of foreclosure for the alleged default of the Note.

74. This statement was made with malice in that the Defendants named in ¶ 74 knew or should have known that they did not have legal rights to enforce the note because

---

[1] Rite Aid Corp. v. Lake Shore Investors, 298 Md. 611, 617-618 (Md. 1984); Beane v. McMullen, 265 Md. 585, 606-609 (Md. 1972).

COMPLAINT-SALL V. BUONASSISSI ET AL.DOC      Page 17 of 21

they knew that the note had been sold to investors and that to enforce the note they would need the participation of the trustee for the Pooling & Servicing Agreement that the note was a part of and defined under. They have not identified same and have withheld any information that the Court or Mr. Sall could use to verify their claims.

75. This published falsehood is derogatory to Mr. Sall's title, has destroyed his credit rating, made it impossible for him to find work and progress in his life, and caused severe economic, pecuniary, and emotional distress.

76. This falsehood has diminished the value of the property in the eyes of others in that it has been published in the newspapers announced to all that this was a property being offered at a foreclosure auction sale at a price less than one-half the true value of the property absent the Slander perpetrated by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Award statutory damages;

B. Award Plaintiffs' interest, costs, and reasonable attorneys' fees;

C. Award compensatory damages and special damages to be established at trial;

D. Award general damages and actual damages to be established at trial;

E. Award declaratory relief sought;

F. Enter a judgment order or decree declaring that Defendants are not persons entitled to enforce, not holders, and not holders in due course in connection with Plaintiffs' loan.

G. Enter a judgment order or decree that Joseph V. Buonassissi, II et al. (the Substitute Trustees) are not Holders in Due Course of the subject note and therefore an action sounding in fraud and other defenses can be maintained against them;

H. Issue a Preliminary Injunction enjoining Wells Fargo Bank N.A. or any of the Defendants named in this action from any further attempts to foreclose or seize the subject property;

I. Enter a judgment order or decree that any Promissory Notes or Deed of Trust, related to the subject settlement be declared null and void and of no further force and effect;

J. Enter a judgment order or decree vesting the subject real property titles in the sole name of the respective Plaintiff;

K. Enter a judgment order or decree declaring that the Plaintiff have absolute ownership and the right of disposition of the subject real properties;

L. Rescind the Foreclosure sale held January 22, 2010 and restore title of the property to Mr. Sall;

M. Award such other relief as the Court deems appropriate.

## PRAYER FOR PUNITIVE DAMAGES

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff punitive damages in the sum of $ 5,000,000.00.

## JURY TRIAL

WHEREFORE, Plaintiff respectfully requests a jury trial of this action.

Respectfully submitted,

Dated: April 19, 2010

Aaron Miller, Esq.
THE PESANTE FIRM, LLP
1328 H Street NE
Washington, D.C. 20002
Telephone: 202-396-1490
Mobile No.: (703) 683-5696
Facsimile: 419-710-6814
AMiller@thepesantefirm.com
Info@thepesantefirm.com

ATTORNEYS FOR Plaintiff M. A. Sall

### CERTIFICATION BY SIGNING ATTORNEY WITH OUT-OF-STATE OFFICE

Counsel for the Defendant Sall, pursuant to Rule 1-313 of the Maryland Rules, hereby certifies that the undersigned has been admitted to practice law in the State of Maryland.

Aaron Miller, Esq.