IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOHAMMED A. SALL :

    v. : Civil Action No. DKC 10-2245

JOSEPH V. BOUNASSISSI, II,
et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this mortgage lending case is a motion for a temporary restraining order and preliminary injunction (ECF No. 5) filed by Plaintiff Mohammed Sall when this case was initially filed in state court. Concurrent with the filing of his complaint, Sall also filed a "motion for temporary restraining order and preliminary injunction." No opposition apparently was filed by any defendant and Plaintiff has not pressed the motion in this court. Although the motion itself does not specify what injunctive relief Sall seeks, the complaint asks the court to "[i]ssue a [p]reliminary [i]njunction enjoining Wells Fargo Bank N.A. or any of the Defendants named in this action from any further attempts to foreclose or seize the subject property." (ECF No. 3, at 19). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be denied.

## I. Background

Sall filed a complaint in the Circuit Court for Prince George's County on May 6, 2010, wherein he alleges that several parties engaged in "predatory" and "subprime" lending practices. (ECF No. 3). Specifically, Sall alleges that eleven defendants violated various state and federal laws in the course of refinancing and eventually pursuing foreclosure on Sall's home. Sall seeks monetary damages, a declaration that certain parties are not "[h]olders in [d]ue [c]ourse" of the note, rescission of the mortgage, and an injunction against foreclosure. (ECF No. 3, at 18-19). On August 16, 2010, Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, and Deutsche Bank National Trust Company removed the case to this court (ECF No. 1), with the consent of all other Defendants (ECF Nos. 2, 18). All Defendants have now filed answers (ECF Nos. 15, 19) and a scheduling order has been entered (ECF No. 20).

## II. Analysis

"While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Generally, the standards on both motions are the same. *See, e.g., Montgomery v. Housing Auth. of Baltimore City*, No. WDQ-10-

1931, 2010 WL 2998653, at *2 (D.Md. July 23, 2010); *Ficker v. Tuouhy*, 305 F.Supp.2d 569, 571 (D.Md. 2004). Both forms of injunctions are "extraordinary" remedies. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds by* 130 S.Ct. 2371 (2010) *and reissued in part*, 607 F.3d 355 (4th Cir. 2010). To obtain such relief, a plaintiff must establish four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 346 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)). Plaintiff bears the burden of "clearly showing" all four factors. *Id.*

It is likely that Sall's requests for injunctive relief are moot. The complaint asks the court to enjoin any efforts by Defendants to foreclose, but also states that a foreclosure sale was held on January 22, 2010. (ECF No. 3, at 19). The court cannot enjoin what has already occurred. *See, e.g.*, *Muhammad v. HSBC Bank USA, N.A.*, No. 09-15371, 2010 WL 3769148, at *1 (11th Cir. Sept. 29, 2010) (finding foreclosure sale mooted a request for injunctive relief); *Rubacky v. Morgan Stanley Dean Witter Credit Corp.*, 104 F.App'x 757, 758 (1st Cir. 2004) ("[T]his court lacks the power to turn back the clock.").

Even on the merits, the motion fails.  The conclusory motion relies entirely on the allegations of the complaint (and its attached exhibit), which Sall affirms is "true to the best of my knowledge, information, and belief."[1]  (ECF No. 5, at 2). The complaint fails to "clearly establish" any of the four required elements.  For example, the complaint does not attempt to establish irreparable harm in the absence of injunctive relief.  The complaint states that Sall "suffered damages" (ECF No. 3 ¶ 40) and complains that Defendants' actions have "destroyed his credit rating, made it impossible for him to find work and progress in life, . . . caused severe economic, pecuniary, and emotional distress[,] [and] . . . diminished the value of the property in the eyes of others."  (*Id.* ¶¶ 75-76). But it is entirely devoid of any suggestion of future injury that would be avoided by injunctive relief.  "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy."  *Abdel-Malak v. JP Morgan Chase Bank, N.A.*, No. AW-10-2051, 2010 WL 4117278, at *9 (D.Md. Oct. 20, 2010) (emphasis added) (finding prospect of

---

[1]  Such a verification is of questionable probative value. *See Tillery v. Borden*, No. CBD-07-1092, 2010 WL 3517015, at *3 (D.Md. Sept. 3, 2010) (refusing to consider a complaint verified in such a manner on summary judgment).

foreclosure did not present irreparable harm).  Sall has failed to muster enough evidence to show even a possibility of harm here.[2]

**III. Conclusion**

For the foregoing reasons, the court will deny the motion for a temporary restraining order and preliminary injunction (ECF No. 5) filed by Plaintiff.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] Because Sall fails to establish irreparable harm, there is no need for discussion on the other three parts of the preliminary injunction standard.  The court reiterates, however, that Sall has failed to meet those requirements as well.