```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
```

MOHAMMED A. SALL             :

   v.                       :    Civil Action No. DKC 10-2245

JOSEPH V. BUONASSISSI, II,   :
et al.                       :

**MEMORANDUM OPINION**

Presently pending and ready for review in this Truth in Lending Act ("TILA") case are two motions: Plaintiff's motion for leave to file a second amended complaint (ECF No. 46), and a motion for leave to withdraw as counsel filed by Plaintiff's counsel (ECF No. 58). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to file a second amended complaint will be granted in part and denied in part, and the motion for leave to withdraw as counsel will be granted.

I.  **Background**

This case presents a dispute between Plaintiff Mohammed A. Sall and his mortgage lenders and servicers. As two opinions in this case have come before this one, some familiarity with the facts is assumed. *See Sall v. Buonassissi*, No. DKC 10-2245, 2011 WL 2791254 (D.Md. July 13, 2011); *Sall v. Buonassissi*, No. DKC 10-2245, 2010 WL 5139032 (D.Md. Dec. 10, 2010).

A.  **Factual Background**

In August 2006, Sall sought to refinance his home through Fremont Investment and Loan ("Fremont"). In his original complaint, Sall alleged that Fremont misrepresented the nature of the loan, in part, by misstating some required disclosures and entirely failing to make others. Most importantly, Sall alleged that his TILA disclosure statement did not accurately disclose his payment schedule.

Sall presumably was unable to make the required payments on his loan, which led to his lender, then Wells Fargo Bank, N.A. ("Wells Fargo"), initiating foreclosure proceedings against him. According to the original complaint, Fremont had appointed Deutsche Bank National Trust Company ("Deutsche Bank") as trustee for Sall's loan, though members of the law firm of Buonassissi, Henning & Lash, P.C. ("the Buonassissi Trustees") served as substitute trustees.

B.  **Procedural Background**

On May 6, 2010, Sall filed suit against Fremont, Wells Fargo, Deutsche Bank, the Buonassissi Trustees, and America's Servicing Company ("ASC").[1] After removal to this court, Defendants filed answers in the fall of 2010 (ECF Nos. 15, 19), and the court entered a scheduling order (ECF No. 20). Over the

---

[1] Sall originally alleged that ASC was a successor-in-interest to Fremont.

next several months, all Defendants moved for judgment in their favor in one form or another.[2]  It was not until April 2011, however, that the court learned that Sall's original counsel had left his prior law firm and could not be located.  Counsel had not moved to withdraw from the case nor had he otherwise provided any indication that he was no longer counsel of record.  The court notified Sall of this development, and Sall retained new counsel immediately.  On May 13, 2011, Sall's new counsel, Douglas N. Gottron, appeared in the case.  (ECF No. 32).  Gottron twice requested and received additional time to respond to the outstanding motions filed by Defendants (ECF Nos. 34, 36), which he did on June 7, 2011 (ECF Nos. 39, 40).

One day before he filed the oppositions, Gottron filed a motion for leave to amend the original complaint.  (ECF No. 37).  On July 13, 2011, this court issued a memorandum opinion and order granting in part and denying in part the motion.  (ECF Nos. 44, 45).  The order permitted Plaintiff to file an amended complaint within twenty-one days, but it did so with specific directions:  it allowed a claim for wrongful refusal to rescind to proceed against only ASC, and it allowed a claim for

---

[2] On November 30, 2010, Fremont filed a motion for judgment on the pleadings.  (ECF No. 23).  On March 7, 2011, the remaining Defendants moved for summary judgment.  (ECF No. 29).

3

declaratory judgment to proceed against Wells Fargo, Fremont, ASC, and Deutsche Bank. (ECF No. 45).[3]

On August 3, 2011, instead of filing an amended complaint as directed, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 46). The new complaint appears to drop Fremont entirely as a defendant, and it treats ASC and Wells Fargo as one entity. In his motion, Plaintiff seeks to keep Wells Fargo and Deutsche Bank as defendants to the wrongful refusal to rescind claim. Defendants opposed this motion on October 13, 2011. (ECF No. 59).[4] The day before the filing of this opposition, Gottron added yet another twist to the procedural history of this case by filing a motion to withdraw as counsel to Sall. (ECF No. 58). Defendants did not file an opposition.

**II. Analysis**

**A. Motion for Leave to File a Second Amended Complaint**

Neither party sets forth the appropriate standard under which Sall's motion should be analyzed. Although Sall styles his motion as a motion for leave to file a second amended complaint, in practice what he actually seeks is a reconsideration of the court's July 13, 2011, opinion and order,

---

[3] Because the motion for leave to amend was granted, Defendants' respective motions were denied as moot.

[4] Plaintiff did not reply.

4

in which the court denied leave to amend to bring a claim for wrongful refusal to rescind as to all parties except ASC.  In particular, Sall argues that similar claims against Wells Fargo and Deutsche Bank should have been allowed.  Accordingly, Sall's motion will be construed as a motion for reconsideration of an interlocutory order pursuant to Federal Rule of Civil Procedure 54.  *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991).

The precise standard governing a motion for reconsideration of an interlocutory order is unclear.  *Id.* at 1472.  While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods., Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

Here, as to Wells Fargo, Sall states that he was mistaken in identifying ASC as an independent entity and that ASC is merely a trade name for Wells Fargo. Thus, Sall argues, Wells Fargo should be named as a defendant to the wrongful refusal to rescind claim.[5] Sall does not, however, amend the fact alleged in the complaint that he sent notice of rescission to only ASC. At this time, there is no need to name Wells Fargo as a Defendant. While the precise corporate relationship between Wells Fargo and ASC is somewhat unclear,[6] defense counsel is the same for both ASC and Wells Fargo, and defense counsel has not objected to the treatment of ASC as an independent, suable

---

[5] Plaintiff does not make clear whether ASC should be replaced by Wells Fargo or whether Wells Fargo should simply be added as a defendant to this claim.

[6] For example, in his entry of appearance, Gottron listed the two parties as follows: "Wells Fargo Bank, N.A., also doing business as 'Wells Fargo Home Mortgage' and its division 'America's Servicing Company.'" (ECF No. 8).

entity.  Indeed, courts in this circuit have entertained suits involving ASC without any reference to Wells Fargo.  *See, e.g.*, *In re Bellamy*, 379 B.R. 86 (Bankr.D.Md. 2007); *In re Brandon*, 349 B.R. 130 (Bankr.M.D.N.C. 2006); *Snodgrass v. New Century Mortg. Corp.*, 358 B.R. 675 (S.D.W.Va. 2006); *Myers v. Am.'s Servicing Co.*, 227 F.R.D. 268 (E.D.Va. 2005).[7]  Accordingly, Plaintiff's motion, construed as a motion for reconsideration, will be denied as to Wells Fargo on this claim.

As to Deutsche Bank, Sall argues that Deutsche Bank had actual or constructive notice of his request to rescind the loan, so Deutsche Bank should remain as a defendant to the wrongful refusal to rescind claim.  In support of this allegation, Sall points to two documents:  an August 4, 2009, letter, and an August 14, 2009, letter, both from ASC ("the August letters").  (ECF No. 46-1).  Sall does not, however, explain how or when he obtained the August letters.  Given their dates and the fact that they were addressed to Sall, the most logical conclusion is that he had the August letters in his possession since at least the commencement of this suit.  Thus, Sall fails to explain how this information was "not previously

---

[7] To the extent the issue is simply that ASC is a misnomer, "[u]nder modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed."  *See United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872, 874 (4th Cir. 1947) (internal quotations omitted).

available" or how rejecting its consideration would constitute "manifest injustice." *See Akeva L.L.C.*, 385 F.Supp.2d at 566.[8]

At best, Sall alleges that "Wells Fargo actively prevented identification of Deutsche Bank as holder of the underlying note." (ECF No. 46, at 2). Even if this were true, it still does not adequately explain why Sall only now is alleging that notice was provided to more than just ASC, regardless of whether he could have specifically identified Deutsche Bank as that additional recipient of notice. The August letters make clear that ASC was only the servicer of the loan and that another entity was the lender. Thus, Sall had sufficient information at the commencement of this suit to allege facts implicating another party beyond ASC in his wrongful refusal to rescind claim. Without more, there is no convincing reason why Deutsche Bank should remain a Defendant to this claim. Sall's motion will thus be denied as to Deutsche Bank.

In sum, Sall's motion for leave to file a second amended complaint, construed as a motion for reconsideration of an interlocutory order, will be denied as to the proposed retention of Wells Fargo and Deutsche Bank with respect to the wrongful refusal to rescind claim. Sall's motion will be granted, however, to the extent that it attaches an amended complaint.

---

[8] Sall has not identified an "intervening change in controlling law" either. *See id.*

*See* Local Rule 103.6. The exhibit attached to Sall's motion (ECF No. 46-3) will be deemed filed as the operative complaint as of the date of this opinion, with the following amendments: ASC and Wells Fargo will be treated as separate entities, and Count One is alleged against ASC only and no other Defendant.

**B.  Motion to Withdraw as Counsel**

On October 12, 2011, Plaintiff's counsel filed a motion to withdraw appearance, asserting that "[d]ifferences have arisen between Plaintiff and his attorneys of record that make it impossible for said attorneys to continue representing Plaintiff in these and/or any other proceedings." (ECF No. 58, at 1).

Local Rule 101.2 provides, in relevant part:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on behalf of the party.

Here, Plaintiff's counsel has complied with the dictates of Local Rule 101.2 because the motion states the name and last

9

known address of Sall, and it attaches a copy of the written notice that was timely mailed from counsel to Sall regarding the proposed withdrawal. Accordingly, counsel's motion to withdraw appearance will be granted.

**III. Conclusion**

For the foregoing reasons, the motion for leave to file a second amended complaint filed by Plaintiff will be granted in part and denied in part. The motion for leave to withdraw as counsel filed by Plaintiff's counsel will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
